*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN WILLIAM FURLONG,

        Defendant-Appellant.

UNPUBLISHED
March 25, 2021

No. 348555
Jackson Circuit Court
LC No. 16-005507-FC

Before: O'BRIEN, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant, Brian William Furlong, appeals by delayed leave granted the sentence imposed upon him after his conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b) (penetration of a victim at least 13 but less than 16 years of age and defendant is a member of the same household as the victim). After this Court initially denied defendant's delayed application for leave to appeal, our Supreme Court, in lieu of granting leave, remanded the case for consideration, as on leave granted.[1] We affirm.

This case arises from defendant's sexual abuse of his stepdaughter. In December 2016, the victim woke up to find herself partially undressed and on top of defendant, with her head near defendant's penis and defendant licking her vaginal area. The victim's mother, who was married to defendant, walked in and observed defendant's assault of the victim. The victim then wrote a letter to her mother explaining what defendant had done to her on that night and related that previous incidents had occurred.

Defendant was charged with CSC-I. At the probable cause hearing, the victim testified about the sentencing offense and testified that there were other times that defendant had licked her, grabbed her breast, and put her hand on his penis. Defendant ultimately pleaded no contest to one count of CSC-I.

---

[1] *People v Furlong*, 937 NW2d 692 (Mich, 2020).

At the sentencing hearing, the trial court relied on the presentence investigation report (PSIR) for additional information of prior incidents when it calculated defendant's sentencing guidelines. The PSIR included information that the victim had disclosed that from the time the victim was 12 years old, defendant had sexually assaulted her more than 10 times, including other instances of defendant kissing her, licking her, getting her to lick him, grabbing her breasts, and putting her hand on his penis. The PSIR also included that the victim's sister disclosed how defendant would buy presents for only the victim and not the other four children in the family, and that defendant would have the other children leave the room so he could be alone with the victim. The PSIR included the victim's mother's e-mailed statement, in which she shared that defendant had groomed the victim and repeatedly assaulted the victim without thought of the damage he was causing her. She wrote that defendant's actions altered the lives of the five children forever and wrote of her fear for the daughter she has in common with defendant once defendant is released from prison.

The victim's mother also spoke at the sentencing hearing about the devastation that defendant had inflicted on the entire family, and how the victim was scared, humiliated, and confused. She spoke about walking in to see defendant sexually assaulting the victim only 33 days after the victim turned 13 years old. She spoke about defendant assaulting the victim multiple times over the course of two to three years and requested that the trial court sentence defendant to the maximum sentence within its power.

During the sentencing hearing, the trial court assessed 50 points for OV 13, over defendant's objection. Defendant's sentencing guidelines were 51 to 85 months' imprisonment, but the trial court sentenced him to an upward departure sentence of 11 to 20 years', or 132 to 240 months', imprisonment. This appeal followed.

Defendant argues first that the trial court improperly assessed 50 points for OV 13 on the basis of inaccurate information and that a preponderance of evidence did not show that defendant sexually penetrated anyone under the age of 13 years old three times. We disagree.

This Court reviews de novo whether a trial court properly interpreted and applied sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). The prosecution must prove by a preponderance of the evidence facts in support of a score. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). This Court reviews for clear error the trial court's findings in support of points it assesses under the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error exists when this Court is left with a definite and firm conviction that the trial court made an error. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012).

The sentencing court must review the defendant's PSIR before it imposes a sentence. *People v Miles*, 454 Mich 90, 97; 559 NW2d 299 (1997). The trial court uses the PSIR to tailor the sentence to the offense and the offender. *People v Lampe*, 327 Mich App 104, 120; 933 NW2d 314 (2019). The information in a PSIR is presumed to be accurate, but at a sentencing hearing, either party may challenge the accuracy of information in a PSIR. *Id.* Once a defendant effectively challenges information in the PSIR, the prosecution must prove the facts by a preponderance of the evidence. *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). If the trial

court imposes a sentence on the basis of inaccurate information in the PSIR, defendant has the right to be resentenced. *Miles*, 454 Mich at 101.

When a trial court assesses points for OV 13, the trial court may consider all record evidence, including plea admissions, the PSIR, and testimony when calculating sentencing guidelines. *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). The trial court may also consider victim-impact statements and may make reasonable inferences from evidence in the record. *People v Earl*, 297 Mich App 104, 109-110; 822 NW2d 271 (2012). It is proper for the trial court to act as the fact-finder when assessing points under the guidelines when the trial court treats the guidelines as advisory. *Lampe*, 327 Mich App at 119.

Under OV 13, MCL 777.43(a), the trial court scores 50 points when it finds that the sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." Although defendant contends that the trial court improperly assessed 50 points for OV 13 because the victim was over thirteen years old at the time of the sentencing offense, the trial court properly considered information from the PSIR, including the victim's disclosure that defendant had "licked her" in the previous several years. See *McChester*, 310 Mich App at 358. Even if no specific dates were provided for the assaults, the trial court's scoring was appropriate because sufficient information was included in the PSIR concerning offenses having occurred prior to the victim's 13th birthday.

The victim's mother provided a letter indicating that the victim had disclosed that defendant had performed oral sex on her "basically since she was 12," and advised the trial court at defendant's sentencing that the victim said that defendant "had done this multiple times over the span of at least two to three years." Given that the victim had just turned thirteen at the time of the assault for which defendant was convicted, the court could reasonably infer from the above that three or more oral penetrations had occurred before the victim was 13 years old. See *Earl*, 297 Mich App at 109. See also *People v Petri*, 279 Mich App 407, 422; 760 NW2d 882 (2008). Therefore, the trial court did not clearly err by assigning 50 points for OV 13.

Defendant next argues that the trial court erred by substantially departing upward from the minimum guidelines range. This Court reviews a departure from sentencing guidelines for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). This Court reviews for an abuse of discretion whether a departure sentence was reasonable. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017).

Sentencing guidelines are advisory, and a trial court is not required to sentence a defendant within the range that the sentencing guidelines provide. *Lockridge*, 498 Mich at 365. If a trial court departs from the minimum guidelines range, however, the sentence must be reasonable; that is, proportionate. *Id*. at 392; *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). The crucial test for proportionality of a sentence departure is whether the sentence is proportionate to the offense and offender, rather than whether it departs from the guidelines. *Steanhouse*, 500 Mich at 475. Factors relevant to whether a departure sentence is proportionate to the offense and offender include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given

inadequate weight. *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). The trial court must articulate why the departure sentence is more proportionate to the offense and offender than a different sentence would have been. *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). However, the trial court does not need to use specific words nor explicitly refer to proportionality so long as its stated reasons are sufficient and directed to proportionality, and the record supports the reasonableness of the sentence. *Id*.

At sentencing, the trial court stated:

> In passing sentence on you I'm individualizing your sentence. I'm taking into account a number of factors. I'm considering punishment, rehabilitation prospects, deterrents, protection of society.

> Well you pretty well screwed up this little girl's life. When they caught you this time you were in the middle of a 69 position with a 12[-]year[-]old girl, 13. You're in your mid[-]thirties. So[,] there is something not mentally right there. I don't know what drives you. I don't know what causes you to do stuff like that. But being turned on by an undeveloped young lady and ruining her life . . .

> And I saw where you groomed her. You [] bought her presents. You - - she was your cuddle buddy. She was the one that always got to spend time with dad and all the other kids got kicked out.

> . . . that's what it says in the report. That's what the interviews seem to indicate.

> And yeah, we do have multiple instances that are covered in the guidelines. But realistically you're talking [] six, seven years at the max end of the guidelines, in my mind is not adequate for what you have done, not only to this young child, but to the whole family, and the trauma that you've inflicted.

Defendant argues that because OV 4 accounted for the psychological injury of the victim it was improper for the trial court to consider that factor again when imposing its sentence. However, a trial court may properly consider factors to which the guidelines do not give *adequate* weight. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). At the sentencing hearing, the trial court specifically articulated that the guidelines did not adequately account for the impact on the victim's life. See *Lampe*, 327 Mich App at 127. Therefore, the trial court properly considered the impact on the victim in imposing its sentence.

Defendant further argues that OV 13 already accounted for the multiple incidents of abuse and that the trial court should not have relied upon that in imposing an out-of-guidelines sentence. However, at the sentencing hearing, the trial court explicitly noted that "we do have multiple instances that are covered in the guidelines," before explaining that the guidelines were not adequate for defendant's crimes. See *Walden*, 319 Mich App at 353. The 50 points that the trial court assessed for OV 13 only accounted for "3 or more sexual penetrations against a person or persons less than 13 years of age," MCL 777.43(1)(a), while there is evidence in the record that defendant additionally assaulted the victim in ways that do not constitute penetration and for which

OV 13 did not account. As the PSIR reflected, defendant assaulted the victim on at least 10 occasions, sometimes in ways that do not constitute penetration, *and* the prosecution dismissed an additional charge of CSC-I that reflected a penetration after the victim turned 13, which is also not reflected in the score for OV 13. See, e.g. *People v Armstrong*, 247 Mich App 423, 426; 636 NW2d 785 (2001). Therefore, the trial court properly found that OV 13 did not adequately account for the actual number of assaults.

While defendant argues that the trial court "clearly erred" when it found that "at least ten" instances of abuse occurred, indicating a sentence imposed on the basis of inaccurate information, the trial court clearly referred to the "report" and "interviews" and properly used the victim's disclosures included in the PSIR to conclude that at least 10 instances of abuse had occurred. See *McChester*, 310 Mich App at 358. Indeed, the PSIR notes that the victim disclosed that defendant had assaulted her more than 10 times over the past several years. See *Lampe*, 327 Mich App at 127. Thus, despite defendant's reliance on cases asserting that a sentence is invalid when made on the basis of inaccurate information, it was proper for the trial court to rely on information in the PSIR to impose an upward departing sentence.

Defendant further challenges the trial court's consideration of the impact of defendant's offenses on the family. But as the trial court may properly consider factors for which the sentencing guidelines do not adequately account, see *Lampe*, 327 Mich App at 127, it was not improper for the trial court to consider the impact of defendant's crimes on the family. See *People v Anderson*, 298 Mich App at 189. See also *People v Armstrong*, 247 Mich App at 425-426. In the victim's mother's statement, she wrote that as a result of defendant's action, her children, including the victim, "lost two sisters" because defendant's two children in the home went to live with their biological mother, and the family also lost their foster-care child. She wrote that the "depth of pain, hurt, and damage that [defendant] has caused will never be able to be measured, his actions put into motion devastation. He altered five children's lives forever." She additionally wrote of her fear for the safety of the daughter she shares with defendant once defendant is released from prison. Therefore, the trial court properly found that OV 4 did not adequately account for the familial impact of defendant's actions.

Finally, defendant challenges the extent of the upward departure. However, in this case, the trial court properly articulated a rationale for defendant's upward departing sentence when it explained that it was individualizing the sentence and considering factors such as punishment, rehabilitation, deterrents, and protection of society. The trial court explained that defendant groomed the victim and ruined her life, and that the guidelines did not adequately account for impact of defendant's actions. See *Odom*, 327 Mich App at 315-316. See also *People v Barnes*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket No. 348038); slip op at 6. Therefore, the trial court did not clearly err by imposing defendant's upward departing sentence and defendant is not entitled to be resentenced.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher