PEOPLE v BENNETT

Docket No. 208778. Submitted December 14, 1999, at Detroit. Decided June 23, 2000, at 9:00 A.M.

Joseph H. Bennett, Sr., pleaded nolo contendere to two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct in the Detroit Recorder's Court, Dalton Roberson, J., and was sentenced to concurrent terms of six to fifteen years of imprisonment. At the time of his arraignment on December 12, 1993, the defendant, pursuant to joint Local Court Rule 6.102 of the Recorder's Court and the Wayne Circuit Court and the combined criminal dockets of those courts under Administrative Order No. 1986-1, could have asked that his case be heard by a Wayne Circuit Court judge. In an appeal by the defendant, the Court of Appeals, J. H. GILLIS, P.J., and G. S. ALLEN and J. B. SULLIVAN, JJ., in an unpublished memorandum opinion, issued October 1, 1996 (Docket No. 181200), remanded the matter to the Recorder's Court to give the defendant an opportunity to withdraw his pleas, concluding that the defendant was denied effective assistance of counsel. On remand, the case was assigned to Judge Geraldine B. Ford. On January 24, 1997, the defendant moved to disqualify Judge Ford and have his case assigned to a Wayne Circuit Court judge pursuant to Administrative Order No. 1995-5, which rescinded Administrative Order No. 1986-1 and LCR 6.102 of the Recorder's Court and the Wayne Circuit Court. Judge Bledsoe denied the motion and, following the defendant's conviction by a jury, sentenced the defendant to concurrent terms of life imprisonment for the first-degree criminal sexual conduct convictions and ten to fifteen years of imprisonment for the second-degree criminal sexual conduct conviction. The defendant appealed.

The Court of Appeals held:

1. The trial court did not abuse its discretion in denying the defendant's motion to disqualify. Absent any indication that Administrative Order No. 1995-5 should be applied retroactively, it does not apply to this case because it took effect on October 10, 1995, approximately two years after the commencement of the defendant's case. Administrative Order No. 1986-1 controls this case following remand by this Court, and, because the defendant did not originally request a Wayne Circuit Court judge pursuant to LCR

6.102, Judge Bledsoe, sitting as a Recorder's Court judge, properly heard the case.

2. The sentences imposed violate the principle of proportionality. The trial court did not adequately explain on the record the reasons for departing from the ranges recommended under the Sentencing Guidelines. The matter must be remanded for resentencing.

Convictions affirmed, sentences vacated, and case remanded for resentencing.

SENTENCES — PROPORTIONALITY — SENTENCING GUIDELINES — DEPARTURES.

A departure from the range recommended in the Sentencing Guidelines in the absence of factors not adequately reflected in the guidelines should alert an appellate court to the possibility that the sentencing court has violated the principle of proportionality and thus abused its sentencing discretion.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Joseph A. Puleo*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for the defendant on appeal.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and KELLY, JJ.

KELLY, J. Defendant appeals as of right his conviction of two counts of first-degree criminal sexual conduct (victim under thirteen years of age), MCL 750.520b(1)(a); MSA 28.788(2)(1)(a) (CSC-I), and one count of second-degree criminal sexual conduct (victim under thirteen years of age), MCL 750.520c(1)(a); MSA 28.788(3)(1)(a) (CSC-II). Defendant also appeals his sentence of life imprisonment for the first-degree criminal sexual conduct convictions and ten to fifteen years in prison for the second-degree criminal sexual conduct conviction. We affirm defendant's convic-

tions, but vacate the sentences and remand for resentencing.

Defendant argues that the trial court erred in denying his motion to disqualify the trial judge. We disagree. The denial of a motion to disqualify is reviewed for an abuse of discretion. *People v Milton*, 186 Mich App 574, 583; 465 NW2d 371 (1990).

The offenses, which involved a nine-year-old victim, occurred in the city of Taylor in 1993. Defendant originally entered a plea of nolo contendere and was sentenced on October 20, 1994, by Recorder's Court Judge Dalton Roberson to concurrent terms of six to fifteen years' imprisonment. He appealed as of right, and this Court, on October 1, 1996, ruled that defendant had been denied effective assistance of counsel and remanded to allow him to withdraw his plea.

On remand, defendant's case was assigned to Judge Geraldine Bledsoe Ford. On January 24, 1997, defendant moved to disqualify the judge and to have his case assigned to a Wayne Circuit Court judge pursuant to Administrative Order No. 1995-5. Judge Ford denied the motion on her finding that Administrative Order No. 1995-5 was not to be given retroactive effect and that, under joint Recorder's Court and Wayne Circuit LCR 6.102, defendant could have asked for a Wayne Circuit Court judge at the time of his arraignment on December 12, 1993, but that he failed to do so. Defendant sought rehearing before Recorder's Court Chief Judge Vera Massey Jones, but withdrew his motion before the court issued a ruling. Following a jury trial, defendant was convicted on all three counts. Judge Ford sentenced defendant, who is seventy years old, to serve two concurrent life

sentences for the CSC-I convictions and to serve ten to fifteen years for the CSC-II conviction.

Defendant was arraigned at a time when the criminal dockets of the Detroit Recorder's Court and the Wayne Circuit Court were consolidated and, as such, his case could be heard by a judge of either court pursuant to Administrative Order No. 1986-1. Since defendant's crime took place outside the limits of the city of Detroit, he could have asked that his case be assigned only to a judge from the Third Judicial (Wayne) Circuit as required by joint LCR 6.102. However, by the time this Court remanded to allow defendant to withdraw his plea, Administrative Order No. 1986-1 had been rescinded by Administrative Order No. 1995-5, effective October 10, 1995:

> On order of the Court, Administrative Order No. 1986-1 is rescinded, effective immediately. In addition, Joint Administrative Order No. 1986-1 for the Third Judicial Circuit Court and the Recorder's Court for the City of Detroit and Joint Local Court Rule 6.102 for the Third Judicial Circuit and Recorder's Court for the City of Detroit are vacated effective immediately. [450 Mich cxxii (1995).]

This Court remanded defendant's case for trial on October 1, 1996. However, defendant was first arraigned on December 15, 1993. Administrative Order No. 1995-5 would apply to defendant's case only if the administrative order had retroactive application.

There are three relevant inquiries when considering retroactivity of a judicial order. *People v Neal*, 459 Mich 72, 80-81; 586 NW2d 716 (1998). "[T]he three inquiries concern (a) the purpose of the new rule, (b) the general reliance on the old rule, and (c) the effect of retroactive application of the new rule on the

administration of justice." *Id.* at 80. There is nothing in the text of Administrative Order No. 1995-5 to indicate its purpose and we have not been provided with any published authority indicating the purpose of the order.

Absent any indication that Administrative Order No. 1995-5 should be applied retroactively, it took effect on October 10, 1995, approximately two years after the commencement of defendant's case. Administrative Order No. 1986-1 controlled defendant's case following remand by this Court, and, because defendant did not originally request in writing a Wayne Circuit Court judge pursuant to Local Rule 6.102, Judge Ford, sitting as a Recorder's Court judge, properly heard the case and there was no abuse of discretion in denying defendant's motion to disqualify.

Defendant also argues that his sentence was disproportionate and represents a drastic departure from the sentencing guidelines. This Court reviews the legality of a trial court's imposition of sentence for an abuse of discretion. *People v Houston*, 448 Mich 312, 319; 532 NW2d 508 (1995). A trial court abuses its discretion when it violates the principle of proportionality. *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990). This principle is violated when the sentence is not proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Id.*

To facilitate appellate review, the sentencing court must articulate on the record the criteria considered and the reasons for the sentence imposed. *People v Fleming*, 428 Mich 408, 428; 410 NW2d 266 (1987). A sentence imposed within an applicable sentencing guidelines range is presumptively neither excessively

severe nor unfairly disparate. *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987). Departures from the guidelines should alert appellate courts to the possibility of violation of the principle of proportionality. *Milbourn, supra* at 660.

The sentencing court may deviate from the guidelines range when the range is disproportionate to the seriousness of the crime and the defendant's prior record. MCR 6.425(D)(1); *Milbourn, supra* at 636. To minimize the risks of relying on misinformation, evaluate the effectiveness of the guidelines, and facilitate appellate review, the sentencing court must articulate its reasons for departing from the guidelines range both on the record at sentencing and on the sentencing information report. *Fleming, supra* at 428.

According to the presentence investigation report (SIR), defendant had no prior criminal history. The SIR noted a guidelines range of from thirty-six to ninety-six months. At sentencing, the court stated that this was the type of case that comes as a shock. The court stated that "it's just offensive; the most offensive kind of act that any adult could commit." The court opined that defendant "crossed a line that no one forgives a person for crossing." The court noted the fact that defendant "helped the lame, and the poor, and the underprivileged," but concluded that "even Mr. Bennett's background, does not overcome the offense charged here." The court sentenced defendant to the statutory maximum life term. We find this gross deviation from the sentencing guidelines to be an abuse of the sentencing court's discretion. Moreover, in our opinion, the court failed to adequately state its reasons for the deviation. No comparison was made to the original October 24, 1994, sentences of six to

fifteen years, which were within the guidelines. We find the Draconian departure unjustifiable.

The *Milbourn* Court noted that "departures from the guidelines, unsupported by reasons not adequately reflected in the guidelines variables, should . . . alert the appellate court to the possibility of a misclassification of the seriousness of a given crime by a given offender and a misuse of the legislative sentencing scheme." *Milbourn, supra* at 659-660. The Court further stated:

> A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. [*Id.* at 660.]

Just as in *Milbourn*, the facts of this case do not justify imposition of such a severe sentence. By sentencing defendant to life imprisonment, the sentencing court "has left no room for the principle of proportionality to operate on an offender convicted of [criminal sexual conduct] who has a previous record for this kind of offense or whose criminal behavior is more aggravated than in [defendant's] case." *Id.* at 668-669. This defendant is not in the most serious class of offenders, and his crime, although certainly punishable by a term of incarceration, was not the most serious with respect to various acts of criminal sexual conduct with which this Court is all too familiar. Accordingly, we find that the sentence imposed violates the principle of proportionality and represents an abuse of discretion.

We affirm defendant's convictions, but vacate the sentences and remand for resentencing.