PEOPLE v ARMSTRONG

Docket No. 230304. Submitted July 10, 2001, at Lansing. Decided September 14, 2001, at 9:00 A.M.

Rodney R. Armstrong pleaded guilty in the Genesee Circuit Court, Archie L. Hayman, J., of second-degree criminal sexual conduct and was sentenced to eight to fifteen years of imprisonment. The defendant appealed by leave granted, claiming that the minimum sentence, which represents a fourfold increase of the highest minimum sentence recommended under the sentencing guidelines, violates the principle of proportionality.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in finding substantial and compelling reasons for departing from the guidelines. Legitimate factors not considered by the guidelines or given inadequate or disproportionate weight by the guidelines, but properly considered and stated by the trial court as reasons for departing from the guidelines, include the defendant's uncontrollable sexual attraction toward little boys and the need to protect other children by the sentence imposed. Additional factors not considered by the guidelines include the violation of the victim's parent's trust in the defendant; the effect on the victim's family occasioned by the victim's loss of trust in all men, including his own father; the effect on the victim and his sister from having to learn about sexual matters at such a young age; and the prosecutor's decision not to charge the defendant with first-degree criminal sexual conduct, in exchange for his plea of guilty, and with attempted criminal sexual conduct.

2. The trial court failed to complete a guidelines departure form as required. The case must be remanded for completion of that ministerial task.

Affirmed but remanded for completion of a guidelines departure form.

1. SENTENCES — SENTENCING GUIDELINES — DEPARTURES — APPEAL.

The Court of Appeals reviews for abuse of discretion a sentencing court's decision that objective and verifiable factors constitute substantial and compelling reasons for departing from the minimum sentence recommended by the sentencing guidelines.

2. SENTENCES — SENTENCING GUIDELINES — DEPARTURES.
   A sentencing court may depart from the sentencing guidelines if it has a substantial and compelling reason for departure and states on the record the reason for departure; the court may depart from the guidelines for nondiscriminatory reasons where there are legitimate factors not considered by the guidelines or where factors considered by the guidelines have been given inadequate or disproportionate weight (MCL 769.34[3][a], [b]).

*Robert S. Dombroski*, for the defendant on appeal.

Before: WILDER, P.J., and HOOD and GRIFFIN, JJ.

PER CURIAM. Defendant appeals by delayed leave granted from an eight-to-fifteen-year sentence imposed for a conviction of second-degree criminal sexual conduct (CSC). MCL 750.520c. We affirm but remand for completion of a guidelines departure form. This appeal is being decided without oral argument pursuant to MCR 7.214(E)(1)(b).

Defendant's sole claim on appeal is that his minimum sentence, which represents a fourfold increase of the highest minimum sentence under the guidelines, violated the principle of proportionality under *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). We review for an abuse of discretion the trial court's decision that objective and verifiable factors constitute substantial and compelling reasons for departing from the guidelines' recommended minimum sentence. *People v Fields*, 448 Mich 58, 69-70; 528 NW2d 176 (1995); *People v Babcock*, 244 Mich App 64, 75-76; 624 NW2d 479 (2000).

The instant offense was committed in May 2000, making it subject to the statutory sentencing guidelines. MCL 769.34(2); *People v Reynolds*, 240 Mich App 250, 253; 611 NW2d 316 (2000). Second-degree CSC is a class C felony subject to a fifteen-year maxi-

mum sentence. MCL 750.520c(2); 777.16y. The guidelines, as scored, placed defendant in the A-IV category, which provides for a minimum sentence range of twelve to twenty-four months. MCL 777.64. The court must impose a minimum sentence within the guidelines range unless a departure from the guidelines is permitted. MCL 769.34(2). The court may depart from the guidelines if it "has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). The court may depart from the guidelines for nondiscriminatory reasons where there are legitimate factors not considered by the guidelines or where factors considered by the guidelines have been given inadequate or disproportionate weight. MCL 769.34(3)(a), (b); *People v Castillo*, 230 Mich App 442, 448; 584 NW2d 606 (1998). See also *People v Nelson*, 234 Mich App 454, 464; 594 NW2d 114 (1999).

Defendant has an uncontrollable sexual attraction toward little boys, apparently as a result of his history of sexual abuse. The trial court did not err in finding that this is a factor not adequately considered by the guidelines. *People v Brzezinski (After Remand)*, 196 Mich App 253, 255-256; 492 NW2d 781 (1992). The trial court also did not err in finding that the need to protect other children by the sentence imposed is another factor not adequately considered by the guidelines. *People v Miller*, 165 Mich App 32, 51; 418 NW2d 668 (1987). Further, the guidelines take into account psychological injury to the victim requiring therapy, MCL 777.34, but do not take into account the violation of the victim's parents' trust in defendant, the effect on the family occasioned by the victim's loss of trust in all men, including his own father, or

the effect on the victim and his sister from having to learn about sexual matters at such a young age. We also note that the prosecutor's decision, in exchange for defendant's guilty plea, to dismiss a charge of first-degree CSC, which carries a potential life sentence, and the fact that defendant was not charged with attempted CSC for trying to have the victim perform oral sex on him are additional factors that the court can consider when deciding whether departure is warranted. *People v Williams*, 223 Mich App 409, 411; 593 NW2d 560 (1997); *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994); *Brzezinski, supra* at 256. Therefore, the trial court did not abuse its discretion in finding substantial and compelling reasons for departing upward from the guidelines.

Although the trial court articulated its reasons for the departure on the record, it failed to complete a guidelines departure form as required. *People v Fleming*, 428 Mich 408, 428; 410 NW2d 266 (1987); *People v Bennett*, 241 Mich App 511, 516; 616 NW2d 703 (2000). Accordingly, we remand for completion of that ministerial task.

Affirmed but remanded for completion of a guidelines departure form. We do not retain jurisdiction.