# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 24, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138071

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

      SC: 138071
      COA: 281151
      Macomb CC: 2005-000998-FH

RICHARD LEE OLMAN,
      Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the November 18, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

Defendant was convicted of second-degree criminal sexual conduct. Although the sentencing guidelines called for a minimum sentence of 0 to 17 months of imprisonment, the trial court sentenced defendant to 2 to 15 years. The Court of Appeals affirmed the conviction, but remanded for resentencing, concluding that the trial court failed to articulate substantial and compelling reasons to justify the sentencing departure. *People v Olman*, unpublished opinion per curiam, issued June 12, 2007 (Docket No. 268464) (*Olman I*). This Court denied leave to appeal (although defendant appealed the affirmance of his conviction, the prosecutor did not file a cross-appeal regarding the sentencing issue). *People v Olman*, 480 Mich 925 (2007). On remand, the trial court again sentenced defendant to 2 to 15 years. The Court of Appeals again remanded for resentencing. *People v Olman*, unpublished opinion per curiam, issued November 18, 2008 (Docket No. 281151) (*Olman II*).

The trial court's first reason for departing was that offense variable 10, MCL 777.40, gives the victim's age inadequate weight. However, in the first appeal, the Court of Appeals held that the victim's age did not justify a departure, and the prosecutor never appealed. Therefore, this was clearly the law of the case in the second appeal.

The trial court's second reason for departing was that defendant is a corrections officer, a position of public trust. However, MCL 769.34(3)(a) prohibits the court from using the defendant's legal occupation to depart from the guidelines range. Contrary to the dissent's contention, this case is significantly distinguishable from *People v Smith*, 482 Mich 292, 298 n 3 (2008), because there the "defendant *exploited his position* of trust as a child-care provider for the vulnerable victim" to commit the offense. Here, defendant did not use his position in any way to commit the crime; he was not acting in

any way as a corrections officer. He could have just as easily been a dentist or an auto mechanic. Under these circumstances, the fact of his occupation is simply irrelevant.[1]

The dissent contends that the departure was justified because defendant's conduct "cast doubt on [his employer] and its employees." *Post* at 4. However, this justification could be applied in *every* case to *every* defendant.[2] The dissent asserts that this is not true because only public employees can abuse the public trust. It also contends that MCL 769.34(3)(a) only prohibits a trial court from relying on a defendant's occupation as a reason for a departure when the trial court does so for "discriminatory reasons." *Post* at 3. Essentially, then, the dissent would rewrite MCL 769.34(3)(a) to provide that a trial court cannot rely on a defendant's occupation to justify a departure where that reliance is based on "discriminatory reasons," but the trial court *can* rely on a defendant's occupation as long as its reliance is not based on "discriminatory reasons" or the defendant is a public employee. Because this is not what the statute as actually written provides, I cannot agree. Similarly, the dissent's contention that defendant's conduct "raises questions about his conduct behind closed doors while exercising his official power over a captive prison population," *post* at 4-5, is nothing more than pure and unvarnished speculation. There is utterly no such evidence in this case.

WEAVER, J., dissents for the reason that she would grant leave to appeal.

CORRIGAN, J. (*dissenting*).

I would either grant leave to appeal in order to consider the legality of the trial court's stated grounds for departing upward from the sentencing guidelines or peremptorily reinstate the trial court's sentence. I believe that the trial court properly departed upward on the basis of defendant's abuse of the public trust placed in him as a corrections officer in the Department of Corrections. Moreover, the Court of Appeals result in this case directly contradicts our contrary view of MCL 769.34(3)(a) in *People v Smith,* 482 Mich 292, 298 n 3 (2008).

Defendant was convicted of second-degree criminal sexual conduct after a four-year-old child reported that she had touched his penis until he ejaculated. Defendant's

---

[1] To rebut the dissent's assertion, yes, the trial court could undoubtedly "impose an upward departure on a judge who took a bribe for abusing the public trust," *post* at 3, because in that hypothetical case, as in *Smith,* the defendant would have *used* his position of trust to commit the crime. Here, defendant's position of trust had absolutely nothing to do with the crime that he committed.

[2] Further, as the Court of Appeals explained, "the issue of defendant's actions having adverse affects on his coworkers is a subjective factor that cannot be objectively verified and thus does not provide a valid basis for a departure." *Olman II, supra* at 5.

wife was the child's day-care provider. Although the 0- to 17-month guidelines range called for an intermediate sanction, the court departed upward because defendant's criminal conduct also abused the public trust placed in him as a corrections officer. Addressing defendant at sentencing, Macomb Circuit Judge Peter Maceroni observed:

> As a correctional officer . . . , you held a position of public trust. Such a position enabled you to understand better than anybody else that people should abide by criminal statutes, especially one prohibiting sexual conduct with a young, tender girl of four years of age.

> In my opinion, you violated this position of trust by committing this crime. In committing this sexual offense you have cast aspersions not only upon yourself but upon your profession, and potentially causing your former colleagues to have reduced esteem within the community of the Department of Corrections and already take enough abuse from the prisoners as it is.

> I am firmly convinced that taking everything into account, your misconduct[,] committed by a person holding an important public position, constitutes an objective, verifiable basis for exceeding the minimum guideline range, since these factors are not included within the offense variables applicable to this crime, and enable me as the trial court to impose the minimum term beyond and [sic] prescribed by the sentence guidelines.

The court correctly observed that it could exceed the guidelines on the basis of substantial and compelling factors not contemplated by the offense variables. MCL 769.34(3). But the Court of Appeals reversed, concluding that the trial court improperly departed on the basis of defendant's "legal occupation," citing MCL 769.34(3)(a), which states: "The court shall not use an individual's gender, race, ethnicity, alienage, national origin, legal occupation, lack of employment, representation by appointed legal counsel, representation by retained legal counsel, appearance in propria persona, or religion to depart from the appropriate sentence range."

The plain language of MCL 769.34(3)(a) prohibits a sentencing judge from "us[ing]" any of the enumerated characteristics of a defendant "to depart." The statute lists status characteristics of a defendant such as gender, race, ethnicity, alienage, national origin, and legal occupation. Its clear import is that a judge cannot depart on the basis of *the fact that* a defendant is male or female, is of a particular background or origin, or holds a particular legal occupation. The Court of Appeals has reasonably observed that MCL 769.34(3)(a) thus prohibits departure for discriminatory reasons, such as a judge's personal assumptions that a particular broad class of persons is more likely to reoffend. See *People v Cline,* 276 Mich App 634, 651 (2008) (citing MCL 769.34[3][a] and noting earlier cases holding that predictions of "future behavior based on a status characteristic such as race, religion, gender, or age are suspect") (quotation marks and citations omitted); *People v Armstrong,* 247 Mich App 423, 425 (2001) (citing MCL 769.34[3]

and noting that "[t]he court may depart from the guidelines for nondiscriminatory reasons").

The judge here did not depart *because of the fact that defendant was a corrections officer*. He did not "use" defendant's "legal occupation" as the reason "to depart." Rather, he departed because defendant abused the public trust. This distinction is significant. The contrary, stunted view of the Court of Appeals has serious ramifications because it conflates departure based on the *fact* of one's legal occupation with departure based on abuse of the trust inherent in a public role—particularly one involving law enforcement—and the ramifications of that abuse. One's legal occupation as a public officer may be a necessary predicate for departure based on abuse of the public's trust, but this is because the occupation is evidence of the existence of that trust; the mere fact of the legal occupation is not the *reason* for departure under these circumstances. Under the Court of Appeals rationale, a sentencing court could not impose an upward departure on a judge who took a bribe for abusing the public trust, as the judge would be punished for being a judge!

The Court of Appeals rationale also contradicts *Smith, supra* at 298 n 3, in which the Court stated that the trial court permissibly departed on the basis of the defendant's position of trust as a child-care provider. In *Smith*, the judge referred at sentencing to the defendant sex offender's status as a child-care provider. On appeal, the defendant argued that, in so doing, the judge violated MCL 769.34(3)(a) and punished the defendant on the basis of his legal occupation. *Id.* We rejected that view:

> The record indicates that [the] defendant was not legally working as a child-care provider during the period in question. His wife was primarily responsible for the baby-sitting services they advertised, and the home was not licensed to provide child-care. *We infer from the judge's statements that he referred to the child-care position because defendant had exploited his position of trust as a child-care provider for the vulnerable victim. We conclude that the judge did not depart on the basis of defendant's occupation.* [*Id.* (emphasis added).]

The departure in this case may differ from the departure in *Smith* because it represents a different permutation of the abuse of trust rationale. But Judge Maceroni's reasoning was equally valid. He did not depart *because of* defendant's lawful occupation. Rather, he departed because defendant was a public official entrusted with the public's safety, the duty to enforce the law, and the security of prisoners over whom he had broad authority as a result of their captivity. By committing this predatory sex crime, he abused the trust placed in him—and, as Judge Maceroni observed, cast doubt on the Department of Corrections and its employees—in part because his crime raises questions about his conduct behind closed doors while exercising his official power over a captive prison

population. His conduct therefore had objective consequences exceeding the normal ramifications of his crime. Defendant's act reflected on a public institution as a direct result of the trust placed in him by that institution.

Indeed, the crux of my disagreement with Justice Markman's position appears to be our difference of opinion concerning whether there was adequate evidence that defendant abused the public trust in this case, not whether MCL 769.34(3)(a) prohibits a departure based on abuse of the public trust. I disagree with Justice Markman's contention that defendant did not abuse the public trust because he "did not use his position in any way to commit the crime; he was not acting in any way as a corrections officer. He could have just as easily been a dentist or an auto mechanic." A dentist or an auto mechanic is not a public official charged with upholding the law. In contrast, the public places corrections officers in positions of power in part on the very basis of its conclusion that they may be trusted to uphold the law. Indeed, I presume that, even if he had not been imprisoned, defendant would not have been permitted to maintain his job as a corrections officer in the wake of this conviction; defendant's ineligibility to work as a corrections officer in light of this crime would be an objective fact, not a subjective observation. Further, when an official undertakes a duty to uphold the law, his conduct off the job is particularly relevant to the trust we place in him to lawfully carry out his official acts outside the public view. Would we not say that a judge abused the public trust and impugned the judiciary as an institution if that judge sold illegal drugs off the job, although he in no way employed his public position to further the activity?

For these reasons, I would grant leave to appeal to consider whether the rationale for departure complied with MCL 769.34(3)(a) or would peremptorily reverse to reinstate the sentence imposed by Judge Maceroni.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 24, 2009

_Corbin R. Davis_
Clerk

p0421