*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CEDRICK DEANDRE CARR,

       Defendant-Appellant.

UNPUBLISHED
October 13, 2022

No. 357768
Macomb Circuit Court
LC No. 2018-000269-FC

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing after remand by this Court. *People v Carr*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2020 (Docket No. 348119), p 1. We affirm.

In its prior opinion, this Court stated the relevant facts as follows:

> This matter arises from allegations of sexual assault made by defendant's son, who was eight years old at the time of the assaults. In 2017, the victim lived with his mother in Indiana and had little relationship with defendant. At the victim's request, however, his mother arranged for him to visit defendant. The victim stayed with defendant in Michigan twice that summer, spending part of each visit at the home of defendant's mother on Sterling Street and the remaining time at the home of defendant's brother on Studebaker Street. After the second visit, the victim began to have difficulty controlling his bowel movements. The victim's mother repeatedly questioned him about his recent incontinence until the victim disclosed that he had been assaulted by defendant. At trial, the victim testified that defendant put his penis in the victim's anus on several occasions at each of the homes they resided at over the summer. [*Carr*, unpub op at 1.]

After a three-day trial, defendant was found guilty by a jury of four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (victim under 13 years of age; defendant over 17 years of age). That statute provides for a mandatory minimum sentence of 25 years. The trial court sentenced defendant to 35 to 60 years imprisonment for each of the four counts, to be

served concurrently, which was an upward departure. This Court affirmed defendant's convictions, but vacated his sentences and remanded to the trial court resentencing. *Carr*, unpub op at 1. Defendant filed an application for leave to appeal on other issues in the Michigan Supreme Court, which was denied on March 30, 2021. *People v Carr*, 507 Mich 901; 956 NW2d 197 (2021). Defendant's resentencing was held on June 23, 2021. Defendant's offense variable (OV) score was 150 points and his prior record variable score was 32 points, placing him in the D-VI cell of the sentencing grid for Class A offenses, for which the minimum sentence guidelines range is 171 to 285 months' imprisonment. MCL 777.62. However, pursuant to MCL 750.520b(2)(b), defendant could have been sentenced to life imprisonment or any term of years, but not less than 25 years for each conviction. Thus, the statutory minimum sentence in this case was 25 years for each conviction. See *People v Wilcox*, 486 Mich 60, 70; 781 NW2d 784 (2010). The trial court articulated its reasons for the departure sentences and reinstated the previous sentence of 35 to 60 years for each of the four counts, to be served concurrently.

On appeal, defendant contends that his sentence of 35 to 60 years was an unreasonable and disproportionate upward departure and that the trial court failed to state adequate reasons to support the departure. He argues that the trial court's explanation of its reasons for the upward departure were motivated by subjective considerations, and that the considerations stated by the trial court were already given adequate weight by the guidelines. We disagree.

In *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), our Supreme Court struck down the requirement in MCL 769.34(3), that a sentencing court must have a substantial and compelling reason for the departure. The Court held that the calculated guidelines minimum sentence range is "advisory only," and replaced it with the requirement that a departure must be reviewed by appellate courts for "reasonableness." *Id*. at 365. This Court held that sentencing courts must "continue to consult the applicable guidelines range and take it into account when imposing a sentence," and "must justify the sentence imposed in order to facilitate appellate review." *Id*. at 392.

"[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its sentencing discretion when the sentence imposed by the trial court is disproportionate to the seriousness of the circumstances involving the offense and the offender. *Id*. at 459-460. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse*, 500 Mich at 459-460. A trial court violates the "principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed[.]" *Id*. at 476. "Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines." *Milbourn*, 435 Mich at 659-660. "[D]epartures are appropriate [when] the guidelines do not adequately account for important factors legitimately considered at sentencing." *Id*. at 657.

In *People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017), this Court stated factors that may be considered by a trial court under the proportionality standard. Those factors included, but were not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Citation omitted.]

In *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017), this Court reiterated the above factors and added that a trial court must justify the sentence imposed to allow for appellate review, including by explaining why the sentence imposed is proportionate to the offense and the offender.

In this case, the trial court articulated several reasons for exceeding the 25-year mandatory minimum sentence at resentencing. First, the court noted that defendant repeatedly sexually assaulted his own young son and the guidelines did not "contemplate the specific relationship between the perpetrator and the victim." In *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995), our Supreme Court noted "that the guidelines fail to account for the family relationship between the defendant and the victim." Moreover, the trial court noted in this case that the victim came from a dysfunctional family situation and "he just wanted to be with his father, to get to know his father, to have a relationship a son would have with his father." And defendant took advantage of that, even after an extended period of time of not having seen the child. In other words, defendant took advantage of the father-son relationship, the child's unstable situation and his young age, as well as the child's hope and expectation that he would have a positive and loving relationship with defendant—who then victimized him. This was an appropriate reason to justify a departure sentence.

Second, the trial court considered the fact that there were far more incidents of sexual assault than contemplated by the guidelines' scoring. The victim testified that he was sexually assaulted every day he was staying with defendant and sometimes multiple times a day. On the basis of the mother's testimony, the victim stayed with defendant for two separate visits, each lasting approximately two weeks. OV 11 was scored at 50 points. It provides for two or more criminal penetrations. OV 12 was scored at 10 points. It provides for two contemporaneous felonious criminal acts against a person. OV 13 was scored at 50 points. It provides for a continuous pattern of criminal behavior involving three or more sexual penetrations against a person less than 13 years of age, MCL 777.43(1)(a). Even though OV 13 provides for "3 or more sexual penetrations," the victim's testimony was sufficient to support the trial court's finding that the guidelines do not contemplate such a large number of separate abuses and was a sufficient reason to justify a departure sentence.

Third, the trial court found that the guidelines contemplate emotional trauma[1] and physical abuse,[2] but they did not contemplate the trauma of "hiding in the bathroom sitting, waiting to be molested, to know it's coming, it's going to happen," knowing defendant was outside the door waiting for him, hoping that defendant would walk away, knowing that when he left the bathroom and tried to run away, defendant would catch him, cover his mouth, and pull down his pants. These incidents of sexual assault were exceedingly traumatic. And, the trial court noted, left the victim with the inability to control his bowel movements—a physical reminder of the assaults, causing further humiliation and anxiety and effecting his other personal relations. In *People v Armstrong*, 247 Mich App 423, 425-426; 636 NW2d 785 (2001), this Court stated that, although OV 4 does take into account psychological injury to the victim requiring therapy, the guidelines did not consider the violation of trust, the effect on the family, and the effect on the victim "from having to learn about sexual matters at such a young age." In *People v Smith*, 482 Mich 292, 301; 754 NW2d 284 (2008), our Supreme Court considered that the victim "suffered psychological stress from the realization that the defendant might abuse her again and again," which was a fact of "considerable worth," and did not exist in all criminal sexual conduct cases. We conclude that, although the abuse in *Smith* lasted longer, the victim in this case had the same fears every day that he lived with defendant. Moreover, the guidelines did not contemplate the future humiliation, anxiety, and effect on others caused by his inability to control his bowel movements. Therefore, this was an appropriate reason for departure.

Fourth, the trial court found that defendant showed no remorse for the sexual assaults and trauma he caused the victim. Remorse is a factor that the court may consider. *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019). Defendant had admitted to sexual abuse of the victim during his questioning by the police officer, which was revealed in the video that was shown to the trial court and the jury. Then, he pleaded not guilty, and argued that he had not abused the victim, was falsely accused, and that the victim's mother was to blame for the allegations. He essentially called the victim a liar. While the trial court is not permitted to base its sentence, in whole or in part, on a defendant's refusal to admit guilt, *People v Conley*, 270 Mich App 301, 314; 715 NW2d 377 (2006), the trial court and the jury had seen and heard defendant admit to guilt, so defendant's lack of remorse was a factor that the trial court could consider and was an appropriate reason for departure.

Fifth, the trial court considered defendant's expressed desire for sexual relations with children and the fact that defendant had a prior conviction in August 2016 of accosting a child for immoral purposes involving another child in his family—his three-year-old niece. In that case, he was sentenced to 12 to 48 months imprisonment. The abuse in this case occurred later—in the summer of 2017. Clearly, a conviction and time spent in prison did not stop defendant from sexually assaulting his young son. On the basis of the defendant's statements and the prior conviction, the trial court found that defendant's potential for rehabilitation was "very limited." In *People v Horn*, 279 Mich App 31, 44-45; 755 NW2d 212 (2008), this Court stated that a defendant's low potential for rehabilitation is a factor that a trial court may consider, but it must be

---

[1] OV 4; MCL 777.34(1)(a).

[2] OV 3; MCL 777.33(1)(d).

supported by objective evidence. The court's conclusion here was supported by objective evidence and this was an appropriate reason for departure.

Finally, the trial court noted that "the pain associated with this victim is also unique." The court stated that this victim had no stability and no support system to help him deal with this trauma because his mother had lost custody, he had been placed with his maternal grandmother, and at the time of the resentencing, had been placed in foster care. The trial court acknowledged that, while not directly attributable to defendant, defendant is the victim's father and the child is without family support to help him deal with this trauma. This was an appropriate reason for departure.

In summary, the reasons for departure articulated by the trial court were appropriate because the sentencing guidelines did not adequately account for these factors legitimately considered at resentencing. Further, the trial court properly explained why the sentence imposed is more proportionate to the offense and the offender than the 25-year minimum sentence would have been in this case. See *Steanhouse*, 500 Mich at 459-460. The trial court need not use particular words to justify its departure from the sentencing guidelines. See *Babcock*, 469 Mich at 259 n 13. Accordingly, the trial court did not abuse its discretion in affirming defendant's sentence on remand.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford