*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH LEE MURINE,

Defendant-Appellant.

UNPUBLISHED
October 5, 2023

No. 362687
Jackson Circuit Court
LC No. 10-005670-FC

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

In 2012, a jury convicted defendant, Kenneth Murine, of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a), and second-degree criminal sexual conduct (CSC-II) involving a victim under the age of 13, MCL 750.520c(1)(a). This case has been before this Court on three previous occasions.[1] On the most recent remand, the trial court resentenced Murine to 29 years and 11 months to 50 years' imprisonment for his CSC-I conviction and 10 to 15 years' imprisonment for his CSC-II conviction. The CSC-I sentence exceeded both Murine's recommended minimum sentence range under the legislative guidelines and the mandatory 25-year minimum applicable for Murine's CSC-I conviction under MCL 750.520b(2)(b). Murine appeals as of right. Because there are no errors, we affirm.

---

[1] This Court previously affirmed Murine's convictions, but on three occasions we have remanded for additional sentencing proceedings. *People v Murine*, unpublished per curiam opinion of the Court of Appeals, issued April 22, 2014 (Docket No. 310962); *People v Murine*, unpublished per curiam opinion of the Court of Appeals, issued March 3, 2016 (Docket No. 322688); *People v Murine*, unpublished per curiam opinion of the Court of Appeals, issued January 23, 2018 (Docket No. 335273).

# I. SENTENCE

## A. STANDARD OF REVIEW

Murine asserts that his CSC-I sentence, which is an out-of-the-guidelines sentence, is unreasonable and disproportionate.

> This Court reviews an out-of-guidelines sentence for reasonableness. The standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion. A sentence is unreasonable—and therefore an abuse of discretion—if the trial court failed to adhere to the principle of proportionality in imposing its sentence on a defendant. . . . The trial court's fact-finding at sentencing is reviewed for clear error. [*People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019) (quotation marks, citation, and alteration omitted).]

## B. ANALYSIS

"[A] sentence is reasonable . . . if it adheres to the principle of proportionality set forth in *Milbourn*."[2] *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). Under the principle of proportionality, the trial court "must take into account the nature of the offense and the background of the offender" to determine a sentence that is "proportionate to the seriousness of the matter." *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017) (quotation marks and citation omitted). Although the guidelines are advisory, the legislative guidelines "embody the principle of proportionality," meaning that they remain a "useful tool" that must be consulted when sentencing a defendant. *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (quotation marks and citation omitted). When considering whether to depart from the sentencing guidelines, factors that may be considered by a trial court under the principle of proportionality include:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-253 (quotation marks and citation omitted).]

A trial court must also "justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App 525 (quotation marks and citations omitted).

---

[2] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

In this case, the court departed upward from the recommended guideline range and the mandatory 25-year minimum under MCL 750.520b(2)(b). The court concluded that an upward departure was warranted given Murine's repeated rape of a six-year-old child over a long period. In concluding that there were repeated sexual penetrations over an extended period, the trial court relied upon the opinions of Dr. Cynthia Knapp, as set forth in the Presentence Investigation Report (PSIR). Dr. Knapp examined the child and found physical signs that she had been "raped numerous times, over a long period of time, vaginally and anally." The trial court also stated that it was "individualizing" Murine's sentence and considering factors such as punishment, rehabilitation prospects, deterrence, and protection of society.

Considering the extent of the upward departure, the trial court's statements in support of the sentence, and the record in this case, we conclude that the trial court did not abuse its discretion when sentencing Murine and that the sentence imposed satisfied the requirement that a sentencing departure be proportionate to the seriousness of the circumstances of the offense and the offender. See *Walden*, 319 Mich App at 353. The record amply supports the trial court's conclusion that this case involved the repeated and long-term sexual abuse of a six-year-old child. At trial, the child described Murine "rubbing" his private parts on her private parts, both front and back. He rubbed the "inside" of her private parts, hurting her when he did so. Using childlike terms, the child also graphically described Murine performing cunnilingus on her and ejaculating on her face. When asked how many times she was abused by Murine, the child could not give a precise number, but she testified that it happened more than 10 times. Similarly, in statements to others before trial, the child described the abuse as happening "a lot." As emphasized by the trial court at sentencing, Dr. Knapp's physical findings during her examination of the child supported that Murine's sexual assaults were repeated and ongoing over a long period.

Moreover, contrary to Murine's arguments on appeal, the repeated and long-term nature of the abuse are not facts adequately accounted for by the sentencing guidelines or the mandatory minimum. That is, Murine's conduct is not adequately accounted for by the scoring of offense variable (OV) 11 and OV 13, both of which were scored at 50 points in this case. OV 11 provides for a maximum of 50 points for two or more criminal sexual penetrations, which cannot include the one penetration that forms the basis of the CSC-I conviction. See MCL 777.41(1)(a) and (2)(c). Thus, apart from the sentencing offense, OV 11 accounted for only two of the sexual penetrations that Murine perpetrated on the child. Further, sexual penetrations not scored under OV 11 may be scored under OV 13, see MCL 777.41(2)(b); however, at most, OV 13 allows for a maximum of 50 points when the CSC-I sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." MCL 777.43(1)(a). See also MCL 777.43(2)(d). Fairly considered, the guidelines only accounted for two penetrations under OV 11 and three penetrations under OV 13. Thus, they do not fully account for the many instances of abuse in this case.[3] Moreover, in this case, the true applicable

---

[3] As noted by the trial court at the resentencing in 2014, Murine's total OV score also exceeded the highest values on the applicable sentencing grid. That is, Murine had a total OV score of 125 points, well beyond the 100-points needed to reach the highest offense-variable level on the Class A sentencing grid. See MCL 777.62.

minimum sentence was 25 years under MCL 750.520b(2)(b).[4] See *People v Payne*, 304 Mich App 667, 673; 850 NW2d 601 (2014).[5] Under this provision, *one* act of sexual penetration of a child under 13 years of age mandates a 25-year sentence. But in this case, as discussed, over an extended period, Murine committed many more than one act of sexual penetration, which was in addition to the sexual contact in this case. The trial court did not abuse its discretion by concluding that the nature of Murine's sexual abuse of a six-year-old child, involving numerous acts of sexual penetration over an extended period, warranted an upward departure.

Moreover, the trial court expressly acknowledged the importance of individualized sentencing tailored to the particular case and the particular defendant. Further, the court considered several other factors—punishment, rehabilitation prospects, deterrence, and the protection of society—when sentencing Murine. See *Walden*, 319 Mich App at 353-354. The need to protect society, particularly children, is a valid sentencing concern warranting a longer sentence. See *People v Armstrong*, 247 Mich App 423, 425; 636 NW2d 785 (2001). In sum, the trial court did not abuse its discretion by imposing an upward departure of less than five years as the sentence imposed was both reasonable and proportionate to the seriousness of the offense and offender. See *Walden*, 319 Mich App at 353-354.

Murine argues that the trial court erred in its sentencing analysis by relying on Dr. Knapp's opinions on whether the child showed signs of physical abuse while ignoring the contrary opinion of a second physician, Dr. Mohr. However, the credibility of Dr. Knapp's and Dr. Mohr's respective opinions regarding whether the child showed signs of physical injury was a matter for the trial court. See MCR 2.613(C). Both medical opinions were set forth in the PSIR, which the trial court was free to consider at sentencing. See *People v Fisher*, 442 Mich 560, 576-577; 503 NW2d 50 (1993). Both doctors also testified at trial, providing the court an opportunity to assess their credibility. On this record, the court did not err by crediting Dr. Knapp's opinions that there were physical signs of repeated abuse, particularly when Dr. Knapp examined the child closer in time to the abuse. And the trial court did not err by relying on Dr. Knapp's opinions as supporting the long-term and repeated nature of the abuse in this case. Additionally, although Murine emphasizes that Dr. Mohr did not find physical evidence of penetration, Dr. Mohr's testimony made clear that physical signs of sexual abuse are uncommon and that the lack of physical findings did not establish that the child was not subjected to repeated acts of sexual penetration. Finally,

---

[4] In his Standard 4 brief, Murine argues that MCL 750.520b(2)(b) does not establish a mandatory 25-year *minimum* but should instead to be read to require a *maximum* sentence of at least 25 years. This argument lacks merit. "MCL 750.520b(2)(b) requires the imposition of a mandatory 25-year minimum sentence upon convicted CSC-I offenders who were 17 years old or older who committed CSC-I offenses against victims under the age of 13." *People v Roy*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359894); slip op at 7.

[5] In *Payne*, 304 Mich App at 673, this Court held that the trial court was required to articulate substantial and compelling reasons for a departure. To the extent that *Payne* required substantial and compelling reasons for a departure, it is no longer good law. See *People v Lockridge*, 498 Mich 358, 398-399; 870 NW2d 502 (2015). However, relevant to this case, it remains good law on the question whether a sentence that exceeds both a mandatory minimum and the sentencing guidelines constitutes a departure sentence.

we note that the child's testimony was, on its own, sufficient support for the trial court's conclusion that numerous acts of sexual penetration occurred. See MCL 750.520h.

Murine next argues that the trial court failed to consider, or adequately weigh, his relatively minimal criminal history and his positive conduct while in prison. In support of this argument, Murine cites *People v Triplett*, 407 Mich 510, 515-516; 287 NW2d 165 (1980), in which the Michigan Supreme Court remanded for resentencing when the trial court relied on an outdated PSIR rather than an updated PSIR, which would have included valuable information about the defendant's most recent behavior, including his conduct in prison. In the present case, however, an updated PSIR, including information about Murine's prison conduct, was prepared and reviewed by the trial court for Murine's resentencing. Indeed, the trial court specifically noted at sentencing that it had read Murine's "prison information" and was aware that he had "no tickets." Murine also spoke about his positive prison record at the resentencing. In short, the trial court was aware of Murine's prison conduct when sentencing Murine. Moreover, although Murine faults the trial court for not more specifically weighing mitigating factors, the trial court was not required to expressly consider any mitigating factors at sentencing. See *People v Bailey*, 330 Mich App 41, 63-64; 944 NW2d 370 (2019). Murine, therefore, has not shown error.

Thus, on this record, the trial court did not abuse its discretion when sentencing Murine because the sentence imposed satisfied the requirement that a sentencing departure be proportionate to the seriousness of the circumstances surrounding the offense and the offender.[6]

## II. CONTENTS OF THE PSIR

In a Standard 4 brief, Murine challenges the contents of the PSIR, asserting that the PSIR should have been edited with respect to information related to Dr. Mohr's opinions. Alternatively, he argues that the trial court should have adjourned sentencing to allow him time to mount an effective PSIR challenge. We disagree.

"The presentence investigation report is an information-gathering tool for use by the sentencing court. It is intended to insure [sic] that the punishment is tailored not only to the offense, but also to the offender." *Lampe*, 327 Mich App at 120 (quotation marks and citation omitted). The PSIR "is presumed to be accurate and may be relied on by the trial court unless effectively challenged by the defendant." *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003). A defendant bears the burden of "going forward with an effective challenge" to the PSIR. *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). "Once a defendant effectively challenges a factual assertion, the prosecutor has the burden to prove the fact by a preponderance of the evidence." *Id*. at 690.

Murine asserted at sentencing that additional information about Dr. Mohr's opinion that she did not find physical evidence of sexual abuse should have been added to the PSIR. However,

---

[6] In light of our conclusion that Murine is not entitled to resentencing, his request for resentencing before a different judge is moot.

as written, the PSIR already included information about Dr. Mohr's opinions to that effect as follows:

> On September 23, 2010, Doctor Bethany Mohr of The University of Michigan Hospital was asked to conduct a physical examination of the victim to further the investigation. Doctor Mohr did conduct the exam. She indicated that based upon the examination, [the child] was the victim of sexual assault and that [Murine] is the perpetrator (based on what [the child] told the doctor). However, *Doctor Mohr advised she could not substantiate penetration through her medical examination.* . . . [Emphasis added.]

Therefore, the PSIR already makes clear that Dr. Mohr did not find any physical evidence of sexual penetration during her medical examination. Murine identifies nothing inaccurate in this summary of Dr. Mohr's findings, and he has not shown a basis for amending the PSIR. See *Lampe*, 327 Mich App at 120-121.

Next, relying on *People v Thorpe*, 504 Mich 230; 934 NW2d 693 (2019), Murine also argues that Dr. Mohr's opinions should be stricken, in part, because she impermissibly opined—on the basis of the child's statements during the examination—that the child was sexually assaulted and that Murine was the perpetrator. This argument is unpreserved, and defendant has not shown plain error. See *Callon*, 256 Mich App at 332.

"[A] sentencing hearing is not a criminal trial." *People v Uphaus*, 278 Mich App 174, 183; 748 NW2d 899 (2008). At sentencing, the rules of evidence do not apply, and likewise, "many of the constitutional requirements applicable to criminal trials do not apply at sentencing." *Id*. at 183-184. See also MRE 1101(b)(3). Because the rules of evidence do not apply, see *Uphaus*, 278 Mich App at 183-184, expert opinions considered at sentencing are not governed by the strictures of MRE 702, "nor, it follows, by authorities interpreting that Rule." See *United States v Gushlak*, 728 F3d 184, 197 n 10 (CA 2, 2013).[7] Consequently, although an expert may not opine at trial—solely on the basis of a victim's statements—that the victim suffered a sexual assault, see *Thorpe*, 504 Mich at 255, Murine has not shown that these rules apply at sentencing. Indeed, a PSIR may contain opinions, and opinions drawn from the facts need not been stricken from a PSIR. See *People v Wybrecht*, 222 Mich App 160, 173; 564 NW2d 903 (1997) (involving conflicting opinions of a probation agent and psychologists regarding the defendant's character and whether he was a "pedophile"). In short, Murine has not shown plain error related to the inclusion of Dr. Mohr's opinions.

---

[7] "Because the Michigan Rules of Evidence in general parallel the text of the federal rules on which the state committee's product was based," this Court may "find helpful and, in some instances, persuasive, commentary and caselaw that refers to the Federal Rules of Evidence." *People v Denson*, 500 Mich 385, 405 n 10; 902 NW2d 306 (2017). Like the Michigan Rules of Evidence, the Federal Rules of Evidence do not apply at sentencing. Compare MRE 1101(b)(3), with FRE 1101(d)(3).

Lastly, Murine asserts that the trial court should have adjourned sentencing to allow him time to present more information related to Dr. Mohr's opinions. A trial court has discretion to adjourn sentencing to permit the parties to prepare a challenge to the PSIR. See *Waclawski*, 286 Mich App at 690. However, "[t]he longstanding rule of this state is that, in the absence of a request for a continuance, a trial court should assume that a party does not desire a continuance." *People v Elston*, 462 Mich 751, 764; 614 NW2d 595 (2000). Murine did not request an adjournment in the trial court, and he has not shown that the trial court erred by failing to sua sponte adjourn sentencing. On this record, Murine is not entitled to relief.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle