*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBIN SCOTT DUENAZ,

        Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 364800
St. Clair Circuit Court
LC No. 12-000721-FC

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

After remand by this Court,[1] defendant, Robin Scott Duenaz, appeals by right following his resentencing for three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of a victim less than 13 years of age by a defendant 17 years of age or older), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a victim less than 13 years of age by a defendant 17 years of age or older). Defendant was resentenced, as a fourth-offense habitual offender, MCL 769.12, to 50 to 75 years' imprisonment for each count, to be served concurrently. We affirm.

## I. BACKGROUND

Between December 2007 and January 2008, defendant sexually assaulted a seven-year-old female victim multiple times. In one instance, defendant brought the victim to his residence under the false pretense they were going to make cookies together, but instead sexually penetrated the victim's anus and vagina with his penis. In another instance, defendant brought the victim to his residence when they were supposed to go shopping together and sexually penetrated her vagina with his penis.

Defendant was convicted by a jury of three counts of CSC-I and one count of CSC-II and sentenced as a fourth-offense habitual offender to 50 to 75 years' imprisonment for each count, to

---

[1] *People v Duenaz*, 306 Mich App 85, 115; 854 NW2d 531 (2014).

be served concurrently. Defendant appealed his convictions and sentences. *People v Duenaz*, 306 Mich App 85; 854 NW2d 531 (2014). On appeal, relevant to the present case, defendant and the prosecution agreed the trial court improperly assessed 50 points to offense variable (OV) 11, MCL 777.41 (number of sexual penetrations). *Id.* at 112. We remanded for resentencing. *Id.* at 115. Our Supreme Court denied leave, noting that defendant's resentencing must comply with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Duenaz*, 498 Mich 969, 969; 873 NW2d 303 (2016).

On remand, defendant's recommended minimum sentence range was 225 to 750 months' imprisonment. The court,[2] on resentencing, considered defendant's extensive history of sex offenses involving minors. The court also considered the reduction in defendant's minimum sentence range and defendant's positive behavior in prison. The court concluded that these mitigating factors did not overcome the seriousness of the crimes committed against the victim and defendant's criminal history. The court found that defendant was a "sexual predator" and "pedophile," and opined if defendant were released, he would still be a threat to children. The sentencing court reimposed the same sentence of 50 to 75 years' imprisonment on each count. This appeal followed.

## II. PROPORTIONALITY OF SENTENCE

Defendant argues that his 50-year minimum term of imprisonment is disproportionate and we should conclude that the portion of MCL 769.34(10) requiring this Court affirm within-guidelines sentences is unconstitutional. Our Supreme Court has held Michigan's sentencing guidelines scheme is advisory, rather than mandatory, but trial courts must still take the guidelines into account when sentencing. *Lockridge*, 498 Mich at 399. Previously, we noted "*Lockridge* did not alter or diminish MCL 769.34(10). . . ." *People v Schrauben*, 314 Mich App 181, 182 n 1; 886 NW2d 173 (2016), overruled in part by *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373); slip op at 4. However, since defendant filed his claim of appeal, our Supreme Court held "the portion of MCL 769.34(10) that requires appellate affirmation of within-guidelines sentences that are based on accurate information without scoring errors is unconstitutional because, as [the Court] explained in *Lockridge*, it would necessarily render the guidelines mandatory." *Posey*, ___ Mich at ___; slip op at 29-30. *Posey* overruled *Schrauben* in part, "as well as any other decision that requires appellate courts to affirm within-guidelines sentences on appeal" and "the Court of Appeals' holdings that are inconsistent with this approach." *Id.* at ___; slip op 38.

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). Under *Posey*, "within-guidelines sentences are to be reviewed for reasonableness, but . . . applying a presumption of proportionality . . . through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate. . . ." *Posey*, ___ Mich at

---

[2] The judge who presided over defendant's trial and original sentencing hearing "left the bench" in 2012. The matter was assigned to a different judge.

___; slip op at 36. This Court has considered the following factors when determining whether a sentence is proportionate:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (quotation marks and citations omitted).]

Defendant argues that a 50-year minimum term of imprisonment is disproportionate because the sentencing court failed to consider mitigating factors and wrongly concluded that defendant would reoffend if released. We disagree. Initially, it is noted: "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019), citing *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011). Regardless, at resentencing, the court considered mitigating factors such as defendant's good behavior in prison and reasonably concluded that the mitigating factors were not enough to overcome the seriousness of the crimes committed in this case and defendant's criminal history.

The trial court understandably placed heavy weight on the seriousness of the offense. After all, when reviewing a sentence for reasonableness, the key test is "whether the sentence is proportionate to the seriousness of the matter." *Posey*, ___ Mich at ___; slip op at 29. In this case, defendant was convicted of three counts of CSC-I and one count of CSC-II after sexually assaulting the seven-year-old victim multiple times. "There are few crimes considered as grave in our society as CSC-I," particularly when the victim is a young child. *People v Jarrell*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356070); slip op at 10. Defendant's potential for rehabilitation also supported the proportionality of the trial court's sentence. See *Walden*, 319 Mich App at 352-353. The trial court found that defendant was likely to reoffend and that he would remain a threat if released from prison because of his history of preying on children. This Court has previously considered a defendant's "uncontrollable sexual attraction toward little boys" and "the need to protect other children" as factors not adequately considered by the sentencing guidelines. *People v Armstrong*, 247 Mich App 423, 425; 636 NW2d 785 (2001). Here, defendant has a disturbing criminal history involving sexual abuse that shows that he has a predilection toward children. For instance, at defendant's trial, his former stepdaughter AC testified as an other-acts witness. According to AC, defendant sexually assaulted her several times in 2007 when she was 13 years old. Defendant anally and vaginally penetrated AC, just as defendant did to the victim in this case. Furthermore, defendant's lengthy criminal history includes convictions in 2009 in an Arizona case of "attempted molestation of a child" and a "dangerous crime against children in the second degree." Defendant also pleaded guilty in Michigan to three counts of attempted CSC-I in 2012.

Considering defendant's extensive history of sexual predation, it was reasonable for the court to conclude that defendant lacked potential for rehabilitation and would be a danger to

children if released from prison.  The court did not abuse its discretion when considering the high likelihood defendant would reoffend as a factor in sentencing.[3]

In conclusion, the sentencing court did not abuse its discretion by re-imposing a 50-year minimum term of imprisonment.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett

---

[3] Given this conclusion, we need not address defendant's remaining argument that resentencing should be held before a different judge on remand.  See *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010).